Filed 1/7/22  P. v. Munguia CA4/1
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR MUNGUIA,<br><br>Defendant and Appellant. | D078641<br><br><br><br>(Super. Ct. No. RIF132924) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with directions.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, a jury convicted Salvador Munguia and his codefendant of attempted murder (Pen. Code,[1] §§ 187 and 664); assault with force likely to produce great bodily injury (§ 245, subd. (a)(1)); and actively participating in a criminal street gang (§ 186.22, subd. (a)). The jury also found the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that Munguia was a principal and that a principal personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d) and (e)). Munguia was sentenced to an indeterminate term of 25 years to life plus seven years in prison.

Munguia appealed, and this court affirmed the judgment in an unpublished opinion. (*People v. Munguia et al.* (D056080, Dec. 21, 2010).)

In 2020, Munguia filed a petition for resentencing under section 1170.95. The trial court summarily denied the petition on the grounds section 1170.95 does not apply to convictions for attempted murder.

Munguia appealed and this court affirmed the order in an unpublished opinion. Relying on prior opinions of this court and other appellate courts we concluded the resentencing procedure of section 1170.95 did not apply to convictions for attempted murder. While this case was pending on appeal, the Legislature enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which amended section 1170.95. The amendments included clarifying that convictions for attempted murder and manslaughter could be eligible for the resentencing process under section 1170.95. We granted Munguia's petition for rehearing. We requested and received supplemental briefing from the parties on the effect of Senate Bill 775 on this case.

The parties are in basic agreement. Munguia contends the case must be remanded for an evidentiary hearing and the issuance of an order to show

[1] All further statutory references are to the Penal Code.

2

cause (OSC). The Attorney General agrees that if we find the issue of the effect of Senate Bill 775 to be ripe then the case will have to be reversed and remanded for further proceedings. We will accept the Attorney General's concession and remand for an evidentiary hearing.

## DISCUSSION

Senate Bill 775 was effective January 1, 2022. It is applicable to all cases not final on appeal as of the effective date of the statute. (*People v. Vieira* (2005) 35 Cal.4th 264, 305.) Munguia's appeal is not yet final; thus, he is entitled to any benefit that may arise from the new statute. Of course, the trial court did not have the benefit of the new statute when it ruled on Munguia's petition.

The Attorney General points out the jury in Munguia's trial was instructed on the doctrine of natural and probable consequences as it relates to attempted murder. Based on the current record, the parties correctly agree that Munguia's petition states a prima facie case for relief. Therefore, we must reverse the order denying the petition and remand for an evidentiary hearing.

## DISPOSITION

The order denying Munguia's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the Superior Court with directions to issue an OSC and conduct an evidentiary hearing as required by statute. We express no opinion as to the appropriate outcome of such hearing.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DO, J.

4